## A. J. LOPEZ *vs.* ACHEU.

APPEAL FROM DECISION OF McCULLY, J., ON DEMURRER.

APRIL TERM, 1886.

JUDD, C. J.; McCULLY and PRESTON, JJ.

Plaintiff filed a bill in equity to restrain defendant from opening a water-way whereby water was discharged on plaintiff's land; but averred in the bill that plaintiff's lessees had obstructed the water-way and prevented the discharge of the water.

Held, on demurrer, that the injury to plaintiff's land having thus ceased, and there being no allegation that defendant threatens to re-open the water-way, the bill is demurrable on this ground.

Demurrer sustained.

OPINION OF THE COURT, BY JUDD, C. J.

THIS is an appeal by plaintiff from a decision of Mr. Justice McCully, sustaining a demurrer to the bill filed, which was for an injunction to restrain defendant from opening a water-way through a bank, whereby the water from defendant's land was discharged on plaintiff's land. The plaintiff is the reversioner.

The bill, after reciting the situation of the lands of the respective parties, shows, among other things, that there was a bank which separated plaintiff's and defendant's lands, and protected plaintiff's land from the influx of water from defendant's land, but that defendants have opened a water-way through the bank, so that the ditch, which was formerly used to supply water to plaintiff's land, became a drain and conveyed and discharged the waste water from defendant's land upon plaintiff's land, "whereby it was flooded and was liable to become unfit for use, which complainant alleges was a new and unheard of use thereof, and one to which it had never before been put, and for which use no right existed; *complainant's lessees, therefore, obstructed said water-way through said bank and prevented the draining of defendant's lands upon the land of complainant.*"

It thus appears by the italicised portion of the bill above quoted that the water-way complained of was obstructed by complainant's lessee. The injury to plaintiff's lands has thus ceased. There is no allegation that it has been re-opened by defendant, or that he has threatened to re-open it. We think the bill is demurrable on this ground. No continuing injury is alleged, and none is threatened. The prayer for injunction says that "by reason of the premises, irreparable injury will be done to the reversion, etc." The "premises" are the stating part of the bill, in which it is alleged that the acts complained of are at an end.

Whether the injury by flooding plaintiff's land is likely to produce permanent injury to the reversion, it seems to us would be a matter of fact which the Court could not decide without evidence.

The ground upon which the demurrer was sustained by the Court below, is not so clear. An action was brought in 1884, by defendant against plaintiff's lessees, for stopping the water-way

through the bank above referred to, and damages recovered. This is alleged in the bill, and it is urged by defendant's counsel that it shows that there is a doubt as to the legal right of plaintiff to maintain this protecting bank unopened. Counsel say the Court should not grant an injunction in aid of a legal right, unless that right is clear.

An examination of the case will show that the question of the right of the defendant to maintain an opening through the bank was not gone into. The question cannot then be considered as *res adjudicata.* When a permanent injury to real estate is threatened and equity is appealed to for an injunction, the Court must necessarily investigate the rights of the parties to the easements which it is contended exist. On this ground we do not think the bill was demurrable.

The demurrer is sustained without prejudice to the right of the plaintiff to amend or file a new bill in twenty days.

*W. R. Castle,* for plaintiff.

*F. M. Hatch,* for defendant.

Honolulu, June 8, 1886.